UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-00056 JAK (AGRx) | Date | April 27, 2016 |
| Title | The Secretary of Veteran Affairs of Washington D.C. v. Paul A. Christian | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND TO THE LOS ANGELES COUNTY SUPERIOR COURT (DKT. 8)** **JS-6**

## I. Introduction

On October 5, 2015, the Secretary of Veteran Affairs of Washington, D.C. ("Plaintiff") brought this unlawful detainer action in the Los Angeles Superior Court against Paul A. Christian ("Defendant"), who is self-represented. Compl., Dkt. 1 (Ex. A). The action, which arises under Cal. Code Civ. Proc. § 1161, concerns Defendant's occupancy of real property located at 16755 Covello Street in Van Nuys, California (the "Property"). On January 5, 2016, Defendant removed this action claiming diversity and federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1441. Dkt. 1.

On January 28, 2015, Plaintiff moved to remand the action ("Motion"). Dkt. 8. Defendant opposed the Motion ("Opposition") (Dkt. 16), and Plaintiff replied ("Reply"). Dkt. 17. The Motion was then taken under submission. Dkt. 13. For the reasons stated in this Order, the Motion is **GRANTED**.

## II. Factual Background

On July 7, 2015, the Property was sold to Bank of America, N.A. ("BOA") under a power of sale provision in a deed of trust signed by Defendant. Dkt. 1 (Ex. A ¶ 4). On or about August 24, 2015, BOA conveyed its interest in the Property to Plaintiff, through a "Grant Deed recorded on September 11, 2015." *Id.* ¶ 5. Based on these allegations, Plaintiff asserts that it owns the Property. *Id.* ¶ 6. Defendant resides at the Property.

On September 22, 2015, Plaintiff served on Defendant a written notice requiring him to vacate and deliver possession of the Property within three days. *Id.* ¶ 7. After Defendant failed to comply with the notice, Plaintiff commenced this action. *Id.* ¶¶ 8-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00056 JAK (AGRx) | Date | April 27, 2016 |
|---|---|---|---|
| Title | The Secretary of Veteran Affairs of Washington D.C. v. Paul A. Christian | | |

### III.  Analysis

#### A.  Legal Standard

An action may be removed when there is federal jurisdiction at the time of the removal. 28 U.S.C. §§ 1331, 1441(a). An action may be removed based on diversity jurisdiction where the amount in controversy exceeds $75,000 and the opposing parties are citizens of different states. 28 U.S.C. §§ 1332, 1441(b). Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant has the burden of establishing that removal is proper, including that there is a federal jurisdiction. *Id.*

#### B.  The Positions of the Parties

Plaintiff argues that there is neither federal question nor diversity jurisdiction. It contends that there is no federal question jurisdiction because its single cause of action arises under a California statute. Plaintiff also argues that federal question jurisdiction cannot be established as the result of the assertion of an affirmative defense that arises under federal law. Plaintiff argues that there is no diversity jurisdiction here because Defendant is a resident of the forum state.

Defendant responds that there is federal question jurisdiction because he intends to raise a defense based on the Fair Housing Act, 42 U.S.C. § 3601. Defendant argues that diversity jurisdiction is present because he is a citizen of California and Plaintiff is a citizen of Washington.

#### C.  Application

##### 1.  Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, a district court has original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." According to "the well-pleaded complaint rule, a suit arises under federal law for 28 U.S.C. § 1331 purposes only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (internal quotation marks omitted). Thus, the operative analysis calls for an examination only of the complaint. *See Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1016 (9th Cir. 2011).

The Complaint in this action does not arise under federal law. Instead, its sole cause of action arises under Cal. Code Civ. Proc. § 86(a)(4). If Defendant were to raise an affirmative defense to this claim that arises under federal law, the outcome would be the same. Thus, the presence of such an affirmative defense cannot be the basis to establish federal question jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (an affirmative defense that arises under federal law is not a basis for federal question jurisdiction in a removed action); *HSBC Bank U.S.A., N.A. v. Esparza*, 2010 WL 2803957, at *1 (C.D. Cal. July 15, 2010) (remanding unlawful detainer action to state court where no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00056 JAK (AGRx) | Date | April 27, 2016 |
|---|---|---|---|
| Title | The Secretary of Veteran Affairs of Washington D.C. v. Paul A. Christian | | |

federal question appeared on the face of the complaint).

        2.        <u>Diversity Jurisdiction</u>

A matter may be removed based on diversity jurisdiction where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. §§ 1332, 1441(b). However, a matter may not be removed on this ground if, at the time of removal, a defendant is "a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). This is known as the "forum defendant rule." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (the policy to provide a foreign defendant a federal forum so as to be "free from prejudice in favor of a local litigant" does not apply when the defendant is a citizen of the forum state).

It is undisputed that Defendant is a resident of California. Dkt. 1 at 4. Therefore, there is no diversity jurisdiction in this removed action.

**IV.**      <u>Conclusion</u>

For the reasons stated in this Order, the Motion is **GRANTED** and the action is **REMANDED** to the Los Angeles Superior Court at its Van Nuys Courthouse.

Sanctions have been imposed on Defendant for his failure to appear at a scheduling conference and for his failure to participate in a joint report. Dkt. 18. The Court retains jurisdiction over the imposition of sanctions so that it can ensure the sanctions are timely paid.

**IT IS SO ORDERED.**

                                                                                        :

Initials of Preparer    ak